UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDMOND BORIS SHELL,**

    **Plaintiff,**

v.                                                                           Case No.: 8:17-cv-2108-T-30AAS

**NANCY A. BERRYHILL,** acting
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Edmond Boris Shell seeks judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. § 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the administrative record, and the pleadings and joint memorandum submitted by the parties, the undersigned **RECOMMENDS** that the Commissioner's decision be **REVERED and REMANDED** for further proceedings.

**I.     PROCEDURAL HISTORY**

Mr. Shell applied for DIB on May 11, 2015. (Tr. 188-191). Disability examiners denied Mr. Shell's application initially and on reconsideration. (Tr. 111-13, 116-20). The ALJ held a hearing and, on March 29, 2017, the ALJ issued a decision finding Mr. Shell not disabled. (Tr. 13-27). The Appeals Council denied Mr. Shell's request for a review, making the ALJ's decision

the final decision of the Commissioner. (Tr. 1-6). Mr. Shell now seeks review of the Commissioner's decision in this court. (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Statement of the Case

Mr. Shell was fifty-nine years old on the alleged disability onset date if September 15, 2014. (Tr. 188-89). Mr. Shell has a high school education and past relevant work experience as a sales manager, finance representative (auto), and general sales representative. (Tr. 192-95). Mr. Shell alleged disability due to back injury, diabetes, and high blood pressure. (Tr. 63).

### B.     Summary of the ALJ's Decision

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. § 404.1520(a). First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines a claimant's residual functional capacity ("RFC").[1] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing his past relevant

---

[1] "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Peeler v. Astrue*, 400 Fed. Appx. 492, 493 n.2 (11th Cir. Oct. 15, 2010).

work or other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(g).

Here, the ALJ determined Mr. Shell had not engaged in substantial gainful activity since the alleged disability onset date. (Tr. 18). The ALJ then concluded that Ms. Shell had the following severe impairments: lumbar scoliosis, canal stenosis with nerve root indentation, diabetes, gout and gouty arthritis, carpal tunnel syndrome, and obesity. (*Id.*). Despite these findings, the ALJ found that Mr. Shell's impairments or combination of impairments did not meet or medically equal the severity of the Listings. (Tr. 19).

The ALJ then found Mr. Shell had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[2] with the following limitations:

> [Mr. Shell] can stand and/or walk about 6 hours, each in an 8-hour workday, with normal breaks. He should have an option to sit for up to 30-minutes following any continuous standing or walking of 30 minutes, if any. He should avoid climbing ropes, scaffolding and 5 or more steps on ladders; He can occasionally climb ramps and stairs; frequently balance; He can occasionally stoop, kneel, crouch and crawl. He can frequently reach and handle with his upper extremities, but should avoid repetitive handling and repetitive lifting. He should avoid concentrated exposure to extreme cold, excessive noise, and excessive vibration, and he should avoid even moderate exposure to industrial hazards, such as the use of hazardous industrial machinery and unprotected heights.

(Tr. 19). Based on this findings, and the testimony from a vocational expert, the ALJ determined that Mr. Shell could perform his past relevant work. (Tr. 22). Therefore, the ALJ concluded that Mr. Shell was not disabled. (*Id.*).

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

### III. ANALYSIS

#### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether substantial evidence supports her findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* (citation omitted). Instead, the court must view the evidence as a whole, considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations) (citation omitted).

#### B. Issues

Mr. Shell argues the ALJ's decision should be reversed because: (1) the ALJ's credibility determination is not supported by substantial evidence; and (2) the ALJ failed to find Mr. Shell's

tinnitus, hearing loss, and pain disorder constituted severe impairments, and their resulting limitations should have been included in the RFC.[3]

### 1. Credibility

Credibility determinations are within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). However, if the ALJ rejects a claimant's subjective testimony regarding pain, the ALJ must articulate specific reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Otherwise, the claimant's testimony must be accepted as true. *Id.* Although the ALJ need not cite to "particular phrases or formulations" to support the credibility determination, the ALJ must do more than merely reject the claimant's testimony, such that the decision provides a reviewing court a basis to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Mr. Shell's credibility should be assessed under the standard announced in Social Security Ruling 16–3p. Social Security Ruling ("SSR") 16–3p, which became effective March 28, 2016, provides guidance on "evaluat[ing] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims." SSR 16–3p, 81 Fed. Reg. 14166, 14167 (Mar. 16, 2016). Of relevance, the ruling eliminates the term "credibility" from sub-regulatory policy and stresses that when evaluating a claimant's symptoms, the adjudicator will "not assess an individual's overall character or truthfulness" but instead will "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms." *Id.* at 14166, 14171.

---

[3] The severity of these impairments and their resulting limitations were addressed as three separate issues in the joint memorandum. However, these issues are more clearly addressed as one issue—whether the ALJ adequately considered Mr. Shell's impairments and accounted for those impairments in the RFC assessment.

Here, the ALJ found that Mr. Shell's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the ALJ further found that Mr. Shell's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 21). Specifically, Mr. Shell complained of constant pain in his legs and back, and testified that he uses a walker or a cane at all times. (Tr. 42-43, 49). Mr. Shell stated that he cannot be on his feet for more than a few minutes without needing to sit down. (Tr. 43). In addition, Mr. Shell stated that he cannot lift more than five pounds, and has braces his hands. (Tr. 45-46). The record contains of a number of medical records concerning Mr. Shell's pain in his back, legs, and hands; however, many of these records were not addressed by the ALJ.

Mr. Shell started pain management treatment on December 5, 2014. (Tr. 348-50). On February 24, 2015, Mr. Shell was diagnosed with chronic neck and lower back pain due to herniated discs in the spine. (Tr. 1026-27). On March 9, 2015, Mr. Shell was assessed with chronic back pain. (Tr. 397-98). On May 11, 2015, Mr. Shell complained of back pain and right foot numbness, which was aggravated by standing, lifting, bending, changing position, sitting, walking, and sneezing. (Tr. 653).

On August 18, 2015, Mr. Shell was evaluated for carpal tunnel syndrome and it was noted that his left hand had impaired grip strength. (Tr. 574). Mr. Shell was evaluated and treated for carpal tunnel syndrome again on September 1st and 29th, 2015. (Tr. 556, 562). On November 10, 2015, physical examination of Mr. Shell revealed loss of strength in portions of his extremities, and decreased temperature in the mid-calf on the right and the ankle on the left. (Tr. 465).

On January 6, 2016, the medical records noted that Mr. Shell suffered from weakness in bilateral lower extremity with tremor of legs bilaterally when lifted. (Tr. 802). In addition, Mr.

Shell exhibited mild low amplitude, and high frequency tremor in both hands. (*Id.*). On February 8, 2016, Mr. Shell was examined and diagnosed with carpal tunnel syndrome, osteoarthritis, and diabetes, and given a hand splint. (Tr. 790-93). On February 19, 2016, Mr. Shell reported chronic tingling in his hands and was assessed with left radial digits secondary to a history of carpal tunnel syndrome. (Tr. 788). At that time, it was noted that Mr. Shell ambulated with a cane and was wearing a left wrist splint. (*Id.*).

On March 8, 2016, the medical records noted that Mr. Shell suffered from left hand pain from carpal tunnel syndrome and arthritis. (Tr. 784-85). On May 4, 2016, Mr. Shell was having difficulty with ambulating with his cane due to low back pain, and obtained a rolling walker. (Tr. 751). On May 10, 2016, Mr. Shell was diagnosed with chronic back pain and chronic radiculopathy. (Tr. 748). On May 11, 2016, it was noted that Mr. Shell experienced weakness in his bilateral lower extremities, reduced grip strength on the left, and an antalgic gait. (Tr. 742). On May 20, 2016, Mr. Shell had slight loss of strength in his hip flexor and used a walker. (Tr. 732). On June 1, 2016, the medical records noted that Mr. Shell had an antalgic gait and used a walker. (Tr. 721-22).

On June 14, 2016, Mr. Shell was wearing a right wrist brace and physical examination was unchanged. (Tr. 714). On September 1, 2016, Mr. Shell complained of chronic low back pain with secondary pain in his feet and bilateral hands. (Tr. 872). Mr. Shell had a hand brace, ambulated with a cane, and was diagnosed with chronic back pain, lumbar radiculopathy, and carpal tunnel syndrome. (*Id.*). On September 23, 2016, Mr. Shell was again diagnosed with chronic low back pain, facet osteoarthritis, and lumbar radiculopathy. (Tr. 868)

The ALJ's finding that Mr. Shell's testimony is not consistent with the medical records is not supported by substantial evidence as the ALJ failed to recognize and interpret significant

7

medical evidence relating to Mr. Shell's subjective complaints. This is not harmless error. *See Price v. Colvin*, No. 3:15-cv-1148-J-34MCR, 2016 WL 7888007, at *5 (M.D. Fla. Dec. 15, 2016) ("An ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts to support a finding of non-disability while ignoring evidence that points to a disability finding.") (citation omitted). Although Mr. Shell's past relevant work is sedentary and the ALJ concluded that Mr. Shell could perform light work, it is possible that the ALJ could place additional limitations on Mr. Shell after adequately considering all of the evidence of record. Therefore, the undersigned recommends remand on this issue.

### 2.  Severity of Impairments and Resulting Limitations

Mr. Shell argues that the ALJ should have found his impairments of tinnitus, hearing loss, and pain disorder, were severe. (Doc. 16, pp. 28-30). As a result, Mr. Shell contends that the ALJ's RFC assessment does not include all of Mr. Shell's limitations. (*Id.* at p. 31). In response, the Commissioner contends that the ALJ properly evaluated Mr. Shell's impairments and the ALJ's disability determination is supported by substantial evidence. (*Id.* at pp. 29-33).

The claimant's burden to prove an impairment is severe at step two is minimal. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). To prove an impairment is severe at step two, the claimant need only show the impairment is "not so slight and its effect is not so minimal." *Id.* In other words, unless the impairment is so slight and its effect so minimal that it clearly does not interfere with the claimant's ability to work, the impairment should be found severe at step two. *Id.*

As to Mr. Shell's tinnitus and hearing loss, Mr. Shell was diagnosed with sensorineural hearing loss, bilaterally, on March 9, 2015. (Tr. 401). On May 28, 2015, Mr. Shell had an audiology consult and it was noted that he would continue to display difficulty communicating in

adverse listening situations. (Tr. 624). Mr. Shell was also given hearing aids. (Tr. 616). The ALJ failed to properly consider Mr. Shell's tinnitus and hearing loss and, if necessary, include the appropriate limitations in his RFC assessment. This error is not harmless as it may affect Mr. Shell's ability to do his past relevant work.

As to Mr. Shell's complaints of pain, the undersigned agrees with the Commissioner's contention that pain is properly evaluated as a subjective complaint under the social security regulations and rulings. *See* 20 C.F.R. § 404.1529; SSR 16-3p. However, as stated above, the ALJ should more thoroughly evaluate the medical evidence of record when considering Mr. Shell's subjective complaints.

## V.     CONCLUSION

For these reasons, the decision of the Commissioner contains reversible error. The undersigned, therefore, recommends that the decision should be reversed and remanded to the Commissioner. Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     The decision of the Commissioner be **REVERSED and REMANDED** and the case be **DISMISSED**; and

(2)     The Clerk of Court enter final judgment in favor of Plaintiff consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**RECOMMENDED** in Tampa, Florida, on this 11th day of May, 2018.

*[signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).

Copies to:

Counsel of Record
District Judge